UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOSELYN JORDAN,

                Plaintiff,

-vs

HUMANA MILITARY HEALTHCARE
SERVICES, INC., et al.,

                Defendants.

Case No. C-3-06-051

Judge Thomas M. Rose

_____

### ENTRY AND ORDER REMANDING JORDAN'S COMPLAINT TO THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, OHIO
_____

      This case arises from the employment of Plaintiff Joselyn Jordan ("Jordan") by Defendant Humana Military Healthcare Services, Inc. ("Humana").  Defendant Michael Benson ("Benson") was Jordan's supervisor at all times relevant.

      Jordan's Complaint brings three claims. First, Jordan alleges that Humana and Benson (collectively "the Defendants") discriminated against her because of her age and race in violation of Ohio Revised Code §4112.99. Next, Jordan alleges that the Defendants breached the covenant of good faith as defined by Ohio law. Finally, Jordan alleges that Benson committed fraud and intentionally interfered with her employment.

      Jordan's Complaint was originally filed in the Court of Common Pleas of Montgomery County, Ohio. It was subsequently removed to this court by the Defendants pursuant to 28 U.S.C. §1441. (Doc. #1.) The basis for removal is that this Court has original subject matter jurisdiction over Jordan's Complaint pursuant to 28 U.S.C. §1331, the federal question statute.

Now before the Court is Jordan's Motion To Remand her Complaint To State Court (doc. #7) to which the Defendants have responded (doc. #10). The time for filing a reply has run and Jordan has not filed one. Therefore, Jordan's Motion To Remand is now ripe for decision.

The parties seeking removal pursuant to 28 U.S.C. §1441, the Defendants in this case, have the burden of demonstrating that the district court has original jurisdiction. *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Original jurisdiction exists if one or more of Jordan's claims, as stated in her Complaint, arises under the Constitution, treaties or laws of the United States. *Id.* Further, the removal statute is strictly construed and all doubts are to be resolved in favor of remand. *Id.* (citing *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

"The 'arising under' gateway into federal court has two distinct portals." *Id.* at 550. This Court has original jurisdiction over Jordan's claim if Jordan's well-pleaded complaint establishes that either federal law creates the cause of action or that Jordan's right to relief necessarily depends on the resolution of a substantial question of federal law. *Id.*

While there is no "single, precise, all-embracing" test for determining whether a substantial federal question exists, a substantial federal question "involves the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it sensibly belongs in federal court." *Id.* at 552 (citing *Grable and Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 125 S.Ct. 2363, 2368 (2005). Finally, the substantiality of a federal question is examined keeping in mind the division of labor that Congress has drawn between state and federal courts governing the application of 28 U.S.C. §1331. *Grable*, 125 S.Ct. at 2367.

Turning to the case at hand, the Defendants argue that a claim for a violation of the Family Medical Leave Act ("FMLA") is alleged on the face of Jordan's Complaint. However, Jordan's Complaint states three causes of action brought pursuant to Ohio law and no causes of action created by the FMLA or any other federal law. The analysis turns, then to the second possible "portal" into federal court which is whether a substantial federal question exists.

The Defendants' basis for removal was the FMLA. The FMLA is mentioned two times in Jordan's Complaint.[1] In the "Factual Allegations" section of Jordan's Complaint she indicates that Humana treated her differently by, among other things, "refusing to process Plaintiff's Family Medical Leave Act papers" and by requiring "Plaintiff to call in every day when Plaintiff was off pursuant to the Family Medical Leave Act treating her differently than similar situated Caucasian employees."[2]

The FMLA is mentioned as evidence that Jordan was treated differently. Whether Jordan was treated differently under Ohio law when Humana allegedly refused to process her FMLA papers is not a substantial federal question. There is no need to examine the FMLA to determine if Humana refused to process Jordan's FMLA papers and did not refuse to process FMLA papers for other employees.

Also, whether Jordan was treated differently under Ohio law when Humana allegedly required her to call in every day when she was on FMLA leave and did not require similarly situated Caucasian employees to call in every day is not a substantial federal question. There is

---

[1] The Defendants argue that paragraph 13 l. of Jordan's Complaint refers to the FMLA a third time. However it does not. Paragraph 13 l. indicates that Jordan was "treated differently with regard to days off due to a medical condition" and does not, therefore, refer to the FMLA.

[2] The Defendants argue that these claims arise under the FMLA. However, whether or not these claims could arise under the FMLA is irrelevant here. Jordan has not brought claims under the FMLA.

no need to examine the FMLA to determine if Humana required Jordan to call in every day and did not require others to call in every day.

Jordan's well-pleaded complaint establishes that federal law does not create any of her causes of action. Further, Jordan's right to relief does not depend upon the resolution of a substantial question of federal law keeping in mind the division of labor that Congress has drawn between state and federal courts governing the application of 28 U.S.C. §1331. Therefore, Jordan's Motion To Remand is GRANTED.

Jordan's Complaint is REMANDED to the Court of Common Pleas of Montgomery County, Ohio. A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of Courts of the Common Pleas Court of Montgomery County, Ohio. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this second day of May, 2006.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record